O’SCANNLAIN, Circuit Judge,
dissenting.
The court’s decision in Ren v. Holder, 648 F.3d 1079 (9th Cir.2011), does not control this case. Ren states clearly that, “[i]f a credible applicant has not yet met his burden of proof, then the IJ may require corroborative evidence,” and, if he so requires, “must give the applicant notice of the corroboration that is required and an opportunity either to produce the requisite corroborative evidence or to explain why that evidence is not reasonably available.” Id. at 1093 (emphasis added). This rule does not mandate that every credible applicant who has yet failed to carry his burden of proof be afforded with notice and opportunity to present corroborating evidence.[1] Such a conclusion, furthermore, would be manifestly futile in this case. The IJ found that Singh credibly testified to the following facts: (1) he was hit intentionally by the jeep; (2) other people in the village told him they believed the Congress Party was behind the attack; and (3) there were no witnesses to the attack. Singh never in his testimony claimed that anyone had direct knowledge of the perpetrators’ identity or political affiliation. As the IJ noted, “[Singh] even acknowledged that all the people who told him were merely relying on rumors and none of them had witnessed that these individuals [who attacked him] were members of the Congress Party.” Thus, the IJ did not find that corroboration was necessary — indeed, the IJ seemed to believe corroboration would be impossible. Even if Singh obtained declarations from his friends as to the perpetrators of the attack, these declarations would still be speculative and would fail to satisfy Singh’s burden of proof. The IJ did note that Singh provided “no objective evidence” to support his claims. But this is a far cry from a determination that the applicant “should provide evidence.”
Furthermore, the IJ clearly stated, as an alternative ground for the disposition, that Singh had failed to demonstrate that he could have safely relocated within his native country.[2] Singh argues that this finding should be displaced because the IJ improperly placed the burden of proof on him and not on the government where it belongs.[3] Such a claim misreads the IJ’s *688 opinion and misconceives the administrative record. Before concluding that Singh “has not established that it would be unreasonable for him to relocate,” the IJ had analyzed and cited the extensive evidence submitted by the United States that tended to show relocation could be both safe and practicable. During direct as well as cross-examination, Singh had the opportunity to dispute this evidence and to provide his own. He did not do so. Indeed, the only evidence that Singh presented on this issue was his own asseverations that he would have difficulty finding a job and that the individuals who allegedly persecuted him in the Punjab state would have the means and the motivation to pursue him hither and yon. Against the weight of the government’s evidence, the IJ did not find Singh’s testimony availing. This conclusion is not unreasonable.[4]
Because I do not believe that Ren compels remand in this circumstance, and furthermore because the IJ’s alternative holding concerning relocation provides an independent basis for his decision, I would deny the petition for review.[5]
I respectfully dissent.

.There will certainly be cases where the applicant can present credible testimony that does not satisfy the burden of proof, and corroboration is unnecessary or futile. This is consistent with the statute, which states: "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence.” 8 U.S.C. § 1158(b)(l)(B)(ii). This language, specifically the phrase "where a trier of fact determines,” implies that the trier of fact may determine that no corroborative evidence is required.

. The relevant regulation states:
[A]n immigration judge, in the exercise of his or her discretion, shall deny the asylum application of an alien found to be a refugee on the basis of past persecution if ... [t]he applicant could avoid future persecution by relocating to another part of the applicant’s country of nationality ... and under all the circumstances, it would be reasonable to expect the applicant to do so. 8 C.F.R. § 1208.13(b)(l)(i)(B) (emphasis added).

. See 8 C.F.R. § 1208.13(b)(l)(ii).

. Singh disputed the IJ’s determination concerning the reasonableness of relocation on appeal before the Board of Immigration Appeals. The BIA's decision did not address the issue but, by explicitly invoking Matter of Burbano, 20 I. & N. Dec. 872, 874 (BIA 1994), incorporated the conclusions and reasoning of the IJ as articulated in her decision. In such circumstances, we may examine the IJ's determination concerning relocation as if it had been that of the BIA, see Tamang v. Holder, 598 F.3d 1083, 1088 (9th Cir.2010); and we review for substantial evidence, see INS v. Elias-Zacarias, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). This court, therefore, must uphold the agency's findings unless "we ... find that the evidence not only supports [the opposite] conclusion, but compels it.” Id.

. The same logic that disposes of Singh's application for asylum similarly decides his prayers for withholding of removal and protection under the Convention against Torture (CAT). The procedure for denying withholding of removal on the grounds that relocation within the native country is reasonable is substantially the same as for asylum. Compare 8 C.F.R. § 1208.16(b)(l)(i)(B), with 8 C.F.R. § 1208.13(b)(l)(i)(B). Because Singh cannot overcome the government's evidence concerning the reasonableness of relocation in the asylum context, he similarly cannot prevail in withholding of removal.
On the other hand, Singh's burden for securing relief under CAT is even greater. See Hasan v. Ashcroft, 380 F.3d 1114, 1122 (9th Cir.2004) (describing that “the legal standard for considering the possibility of relocation is different in the context of a CAT claim than in an asylum claim” and that, in the former, "the burden is on the applicant”).
Singh could not prevail on the relocation question for his asylum application; he likewise cannot in these other claims.